UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ROY G. DINWIDDIE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 1:13 CV 138 |
| v. | ) |
| | ) |
| OSSIAN POLICE DEPARTMENT, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**OPINION and ORDER**

Roy G. Dinwiddie, a *pro se* prisoner, filed an amended complaint attempting to sue 16 defendants. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that

all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotation marks, citations and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quotation marks and brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original). "In order to state a claim under § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

Here, there are many reasons why these claims and these defendants must be dismissed. The Ossian Police Department must be dismissed because it is not a suable entity. *See Sow v. Fortville Police Dep't*, 636 F.3d 293, 300 (7th Cir. 2011) ("[T]he Indiana statutory scheme does not grant municipal police departments the capacity to sue or be sued.") The Wells County Department of Family and Children Services Office must be dismissed because it is a State agency. *See MCI Telecommunications Corp. v. Ill. Commerce Comm'n*, 183 F.3d 558, 563 (7th Cir. 1999) (Eleventh Amendment precludes lawsuits in federal court against a State agency for money damages except under circumstances not applicable here). The Wells County Public Defender's Office, Public Defender George Lopez, and Public Defender John G. Clifton must be dismissed because they do not act

under color of state law. *See Polk County v. Dodson*, 454 U.S. 312 (1981) (criminal defense attorney, even an appointed public defender, does not act under color of state law.)

Dinwiddie is suing the Wells Circuit Court, Judge David L. Hannselman, Sr., and Senior Judge James Heimann because of judicial rulings that were made in civil and criminal proceedings. These defendants must be dismissed because they have judicial immunity. *See Stump v. Sparkman*, 435 U.S. 349, 359 (1978) (judge is entitled to absolute immunity for judicial acts regarding matters within the court's jurisdiction, even if the judge's "exercise of authority is flawed by the commission of grave procedural errors")

Dinwiddie is suing the Wells County Prosecuting Attorney's Office, Prosecutor Michael Laupenhauzer, Chief Deputy Prosecutor Rick Meyers, and Deputy Prosecutor Andrew J. Carnall because they did not file criminal charges against others, because they did not seek to have the court order that his children be released to him, because they denied him a fair trial, and because they used falsified records against him. These defendants must be dismissed because they have prosecutorial immunity. *See Imbler v. Pachtman*, 424 U.S. 409, 431 (1976) ("in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983"); *Cooper v. Parrish*, 203 F.3d 937, 947 (6th Cir. 2000) ("Absolute immunity shields prosecutors even if they act maliciously, unreasonably, without probable cause, or even on the basis of false testimony or evidence"(quotation marks and citation omitted)).

Dinwiddie is suing Police Officer Stephanie Tucker and Child Welfare Caseworker Wendlyne Sue Garrett based solely on events which occurred in 2005.

These defendants must be dismissed because the statute of limitations on these claims has long since passed. *See Snodderly v. R.U.F.F. Drug Enforcement Task Force*, 239 F.3d 892, 894 (7th Cir. 2001) ("Indiana's two-year statute of limitations . . . is applicable to all causes of action brought in Indiana under 42 U.S.C. § 1983.")

This leaves only Dinwiddie's claims against Supervisor Kimberly Sue Wilson. He alleges that she did not release his children to him in 2005 and 2011. As previously explained, the 2005 claims are barred by the statute of limitations. However, his allegation that she did not release his children to him on April 19, 2011, is not. Nevertheless, it does not state a claim for a constitutional violation. On April 19, 2011, Dinwiddie was in trial where he was convicted and incarcerated. Given that he had not had custody of his children for the prior six years, it is not plausible that it was a constitutional violation for Wilson to have refused to attempt to reunite Dinwiddie with his children on the day that he was tried and convicted of a crime which would result in his incarceration.

For the foregoing reasons, this case is **DISMISSED** pursuant to 28 U.S.C. § 1915A.

                                          **SO ORDERED.**

Date: July 17, 2013

                                  s/ James T. Moody  
                                  JUDGE JAMES T. MOODY  
                                  UNITED STATES DISTRICT COURT